UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Wayne C. James,

        Plaintiff,      **Hon. Hugh B. Scott**

                  08CV671

      v.

                  **Order**


Brian Fischer, et al.

        Defendants
_____

On June 17, 2010, the defendants filed a motion to dismiss this action based upon a failure to prosecute (Docket No. 41). The Court directed that the plaintiff respond to the motion by July 9, 2010. (Docket No. 42). In that Order, the Court advised the plaintiff, in capital letters for emphasis, that the defendants sought to have the complaint dismissed as to all defendants and that "IF THE PLAINTIFF DOES NOT RESPOND TO THE MOTION, THE COMPLAINT WILL BE DISMISSED". (Docket No. 42). The Court also attached a notice pursuant to <u>Irby v. New York City Transit Authority</u>, 262 F 3d 412 (2d Cr 2001), further explaining the plaintiff's obligation to respond to the motion. (Docket No. 42).

The plaintiff had not responded to the motion. The Order (Docket No. 42) was returned as undeliverable. The plaintiff has not provided the Court with a forwarding address.

The determination of whether to dismiss an action pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure is informed by five factors, including: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Shannon v. Gen. Elect. Co., 186 F.3d 186, 193 (2d Cir.1999); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996).

The Court has considered the above factors and determines that dismissal of the complaint in this case is warranted. Under the circumstances of this case, the plaintiff is deemed to have abandoned his claims in this matter. This case has been pending for over two years, and refers to matters that occurred almost four years ago. (Docket No. 1). As found in Wilson v. Perlman, 2009 WL 1851336 (N.D.N.Y.,2009) it is quite likely that memories of the events in question have faded, relevant documents have been discarded, and witnesses have been transferred or retired. See also Geordiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y.1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case [six years], that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). Further, inasmuch at the plaintiff has failed to provide the Court with a current address, any attempt to fashion lesser sanctions would be futile. See also Evchich v. Sullivan, 2009 WL 349169 (W.D.N.Y.,2009); Decker v. Hogan, 2010 WL 3522522 (N.D.N.Y.,2010); Beeks v. Reilly, 2009 WL 2568531 (E.D.N.Y.,2009).

The motion to dismiss based upon a failure to prosecute is granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and, therefore, in forma pauperis status is denied for purpose of any such appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

    So Ordered.

          <u>/ s / **Hugh B. Scott**</u>
          United States Magistrate Judge
          Western District of New York

Buffalo, New York
November 1, 2010